Good morning. May it please the Court, Diane Burley for Appellant and Petitioner Jerry Martin. We had a round of briefing, and then the Court requested supplemental briefing, and I think most of the issues about which the Court seems to have been concerned were covered in the briefs. However, I did want to address the Teague issue, unless the Court has questions about any of the other issues. Go ahead. Okay. There is – this is not a new rule of law. The – the – Well, let's start out. What is the rule of law? The rule of law is that it's a denial of due process when there is a sole eyewitness identifying to – I'm not saying it well – it denies due process to not have an eyewitness identification. Well, what are you saying is it's a denial of due process not to allocate funds? Right. Right. That was – that was the question that the Court posed. We have – in the California trial court, the issue was raised. The – the trial judge denied funds. It was not raised in the court of – California Court of Appeals. Not raised in the California Supreme Court. And then we end up in – in Federal court, and it – you know, there's a – there's – there's law that – certainly there's law that says that it's – it's a denial of due process not to – Well, what do we do – maybe I'm confused, and maybe I don't quite understand your argument. What do we do with Jackson v. Whitehurst in our circuit that specifically You mean Jackson v. Yilst? Yilst, yeah. Whitehurst, Yilst. Yeah. Jackson is – is directly on point and says it's not a denial of due process. There's no question that Jackson says that. But there are California cases that precede Jackson that say that it is. You have People v. McDonald, which was affirmed, and People v. Jones subsequent to Jackson. You have a lot of – I'm confused. We should ignore our law in Jackson and use the California law? Well, there's also a number of Ninth Circuit cases that decry the vagaries of eyewitness identification. Isn't there a distinction between the evidence being admissible and requiring that an expert be provided? Yes, there is a distinction, and that is the distinction. That is the distinction. Jackson says there's no right to the funds for the expert. The other cases just say this is a problem. We need an expert. Well, you want funds. Is it a Jackson issue or not a Jackson issue? I think it's a very fine line, Your Honor. Well, whether it's a fine line or not, we've got to go one way or the other. Are you a Jackson case or are you not a Jackson case? It's pretty close to Jackson. It's on all fours with Jackson. I can't sit here with a straight face and say it's not, but there's an awful lot of authority, both state and federal, preceding and succeeding Jackson that says that when you have an individual, one individual identifying that the identification problem, that the eyewitness identification issue is important and that the jury needs the assistance of an expert so that they can assess whether the eyewitness's perceptions are credible and accurate. Well, that's a matter that should have been taken up on direct appeal through the state court system. Right. Well, it was taken up on habeas. It wasn't. Yeah, but habeas is not direct appeal. No. That gets you into the Deke problem when it's not on direct appeal. But it did go through the state system on habeas. So it was exhausted through the state system, through state habeas. And the state habeas was filed within the statute of limitations under AEDPA. If the court has any other questions, I'll be glad to answer them. Any questions? Thank you. Thank you. Good morning, Your Honors. Deputy Attorney General David Cook for Respondent. The case is a Jackson case. The claim presented was whether the defendant should have been granted funds to hire an expert on eyewitness identification. As far as the McDonald case and other cases cited by Petitioner in the brief, in the opening brief, those cases do talk about a different situation, that situation being the admissibility of eyewitness expert testimony. However, that is not the issue presented here today. And going back to the Teague question, counsel has not cited any law or any controlling U.S. Supreme Court authority, and I am unaware of any, that requires as a matter of constitutional law the providing of funds for an eyewitness expert. I have nothing further to add other than what's already in my brief. What corroborating evidence was in the record as to the eyewitness identification? As to the eyewitness identification, the eyewitness saw co-defendant Clayar, Clayar I believe is his name, and Petitioner in the blue pickup truck. That blue pickup truck was eventually determined to have been registered, or that Petitioner was the registered owner of that pickup truck. And that, and even at trial, the trial judge did recognize that that was corroboration for the eyewitness identification. They didn't get any of the money? I don't recall offhand. Petitioner was not, didn't have the money. It was the co-defendant. As I recall, the eyewitness testified that some of the money was falling out of his pocket as he was running from the bank. I don't recall offhand how much money eventually was recovered, however. How about the co-defendant? Was there a co-defendant here? Yes, there was, Your Honor. I'm not sure what your, of the question. Well, I'm just looking for corroboration. Oh, well, as far as corroboration, well. Wasn't paint involved? Well, there was paint involved, but the paint, as far as I'm aware, was only on the jacket worn by the co-defendant after the co-defendant left the bank. And that coat was later discarded by the home where the two, where Petitioner and the co-defendant went inside and then returned outside. The coat was found in a trash can in that location. Yes, Your Honor. Was Martin, the fellow who, when they went back to the bus stop, was he the one who ran away? Yes, he was. He was the one who ran away and was caught as he was trying to jump over a fence. I don't know whether that's corroboration or not, but it might be. Well, I think it definitely shows a consciousness of guilt and to the extent that I don't see why it couldn't corroborate the eyewitness identification. But certainly when you put that fact of his flight together with the fact that he's the registered owner of this getaway truck, that there is certainly enough corroboration of the eyewitness identification in this case. Unless the Court has any further questions, I would submit. Very well. Thank you, Your Honor.
judges: B. Fletcher, Pregerson, Brunetti